UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JA-RON S. TEAGUE                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:05CV-P114-S

CHRISTOPHER COLE, et al.                                                                        DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Christopher Cole and Michael Kuzma, for summary judgment, and to dismiss the action for failure to comply with various orders of the court. The plaintiff, Ja-Ron S. Teague, *pro se*, sought by way of a motion styled "Motion Requesting Abatement" to forestall any further action in the case until resolution of the criminal charges against him. The court has been informed that on February 13, 2006, Teague entered a plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the charges of Assault III, Resisting Arrest and Theft by Unlawful Taking Under $300.00, in the Jefferson County, Kentucky, Circuit Court, Division Seven. Thus the impediment to further proceedings in this action has been removed.

This action was filed in the Jefferson County, Kentucky, Circuit Court on January 25, 2005. Teague has failed to comply with two orders of this court that he file a memorandum which clearly sets forth the facts upon which he bases his claims against each defendant in this case. (Orders entered April 11, 2005 and October 26, 2005). The period of time for filing this memorandum expired prior to the time that he sought "abatement" of the action by court. Teague was indicted on August 4, 2005. He was required to file his memorandum by September 23, 2005. He did not seek abatement of the action until October of 2005. His time for filing his memorandum was extended

to December 30, 2005. The criminal charges against him were resolved by *Alford* plea, but, to date, Teague has still filed nothing further in compliance with these orders in this case.

Teague has filed a document entitled "Plaintiff's Memorandum in Support of Motion for Summary Judgment." (DN 66). He also filed a "Motion for Extension of Time to Expand the Records" (DN 67) and a "Notice to Take Deposition." (DN 68). The Memorandum in Support of Motion for Summary Judgment appears to actually be a response to the motion for summary judgment. He has not filed a response to the most recent motion of the defendants to dismiss filed on January 5, 2006. The motion for extension of time requests the court to permit Teague, by way of the noticed deposition, to obtain from the chief of the West Buechel Police Department payroll records, employee reprimands, disciplinary forms, department policies, handbooks, and the personnel files of officers Cole and Kuzma. The claims against the West Buechel Police Department, various municipal entities, and all individuals other than officers Cole and Kuzma were dismissed for failure to state claims against them, by order of the court dated April 11, 2005. Teague now seeks to depose a nonparty to the litigation in an attempt to obtain documentary evidence of no relevance to establishing excessive force.

The only claims which remain in the case are Teague's claims for excessive force, equal protection violations, and a state law claim for negligence against the officers who allegedly used excessive force in arresting him at the Hikes Lane Walgreens store.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be

such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The following facts are undisputed. On August 13, 2004, Officers Cole and Kuzma of the City of West Buechel police force were called to the Walgreens store to investigate a suspected shoplifter. The manager of the Walgreens, Heather Jones, and store employee, Loretta Wright, allegedly observed Teague concealing store merchandise in his clothing. On the belief that he was attempting to shoplift the items, Jones called the West Buechel police and requested assistance. Shortly after the officers entered the store, Teague headed quickly toward the front door of the store. Teague tripped over a soft drink display near the door and fell to the floor as the officers approached in order to prevent him from leaving the store. A scuffle ensued as Teague resisted being taken into custody. He was detained and charged with Theft by Unlawful Taking, Assault of a Police Officer, and Resisting Arrest.

Teague entered an *Alford* plea to the charges against him. Such a plea of "no contest" does not estop a defendant from contesting the facts underlying the charges in a subsequent civil context. *See,* Lenvin, Nathan B. and Meyers, Ernest S., *Nolo Contendere: Its Nature and Implications*, 51 Yale L.J. 1255, 1263 (1942); LaFave, Wayne R., 5 Search & Seizure, Third Ed., § 11.1(d)(1996); *North Carolina v. Alford*, *supra*. We note only that the resolution of the criminal charges is of no assistance to Teague in establishing his civil rights claims. He chose not controvert the facts of record in the criminal proceedings.

There is a security videotape of the altercation at the front door of the store in the court record. Additionally, the defendants have filed sworn affidavits of Heather Jones and Loretta Wright documenting the events leading up to the call to the West Buechel police and upon the officers' arrival at the store. The record also contains a videotape of Teague as he was brought into the jail after his arrest. The defendants have filed copies of the intake records documenting Teague's physical and mental condition upon entering the jail.

The court has reviewed the videotapes, the jail records, the arrest citation, and the affidavits of the Walgreens employees, and concludes that there is a complete absence of any evidence to substantiate the claims of the plaintiff. While the security videotape is of poor quality, it does visually corroborate the statements of the Walgreens employees that he attempted to leave the store and tripped over a display in his haste. While it depicts a brief struggle with the plaintiff, it corroborates the statements of the Walgreens employees that Teague resisted as the officers attempted to arrest him, and that Teague struck Officer Cole. The videotape of Teague entering the jail does not evidence that he was in any distress nor does he appear to have any injuries. The jail records and accompanying photographs of Teague do not show and visible injuries. The reports document that Teague did not complain of any injuries or mistreatment, nor was there any evidence of trauma upon examination and questioning of him. In short, the record contains the denials of unconstitutional conduct by the defendants themselves, affidavits of the Walgreens employees who witnessed shoplifting activities by Teague and the altercation with the officers, and videotapes of Teague during his arrest and afterward. None of the evidence supports Teague's version of his arrest.

The officers have moved for summary judgment on the ground that Teague has failed to come forward with evidence to show that a triable issue of fact exists as to his claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate only when there is no genuine issue of material fact, and the

- 4 -

movant is entitled to judgment as a matter of law. *Bass v. Janey Montgomery Scott, Inc.*, 210 F.3d 577, 587 (6th Cir. 2000). At the summary judgment stage, it is not the court's function to weigh the evidence, but rather to determine whether a reasonable jury could return a verdict for the nonmoving party, viewing all facts and inference in the nonmovant's favor. *Anderson*, 477 U.S. at 248. There must be more than "some metaphysical doubt as to the material facts" in question. The nonmovant must provide "concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Cloverdale Equipment Company v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989), *citing, Celotex Corp. v. Catrett*. 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In his response to the motion for summary judgment, Teague offers a number of arguments.

First, he contends that he should receive a jury trial on the claims in this civil action because when he negotiated a plea to the state charges, counsel for officers Cole and Kuzma refused to also negotiate a settlement of this suit. He contends that his *Alford* plea was "his end of the bargain," and that the officers "have not kept theirs." The civil action in this court arising from the circumstances of the arrest and the criminal proceedings against Teague in the state court are separate and independent matters. Teague's plea has no bearing on the outcome of this case.

Teague contends that a number of alleged racial slurs were directed at him while he was at the rear of the store and therefore the Walgreens employees did not hear the comments. He does not thereby negate the averments of the employees concerning the pursuit and arrest of Teague, however. They state that Teague attempted to leave the store, resisted arrest, and struck officer Cole. They also confirm that Teague fell over a soft drink display in his attempt to leave the store. These statements are corroborated by the security videotape.

Teague contends that a jury should be permitted to decide his case by considering the police department policies on arrest and racial discrimination. However, no claims remain against the police department or the municipality.

Finally, Teague states that he wants to call at trial D'Won André Bradley, an individual who allegedly suffered excessive force at the hand of officers of the West Buechel Police Department in 2003, and to introduce other matters of alleged police misconduct which have no bearing on the allegations in this action.

Further, Teague has failed to comply with the orders of this court that he file a memorandum setting forth in detail all facts upon which he bases his claims. He has had time to garner evidence in support of his claims. He served discovery requests on the defendants. The defendants certified to the court on October 3, 2005 that they produced for the plaintiff all records or documentation relevant to the claims. (DN 54). Teague has had more than ample opportunity to file the required memorandum. Teague's status as a *pro se* litigant does not relieve a plaintiff from the requirement of complying with readily understandable orders and rules of the court. *See, Weaver v. Estes*, 2005 WL 2388284 (W.D.Ky. 2005), *citing, Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)(lenient treatment generally accorded *pro se* litigants has limits).

Faced with nothing more than Teague's bald allegations in the complaint of improper conduct by these officers in effectuating his arrest, the court must grant summary judgment in favor of the defendants on the remaining claims in the action. *See, Lyons v. City of* Xenia, 417 F.3d 565, 577 (6th Cir. 2005), *citing, Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3171, 111 L.Ed.2d 695 (1990)(non-moving party must aver specific facts that contradict moving party's version of the facts to receive favorable interpretation of disputed evidence). A separate order will be entered this date in accordance with this opinion.